UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RODOLFO and MARIA ZAMORA,    No. 10-53496

Debtor(s).
_____/

Memorandum re Abandonment of Claims
_____

Defendants sued by debtors in state court generally have no standing to appear in bankruptcy court to contest a bankruptcy trustee's intent to abandon the estate's right to pursue those defendants. See *Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir.1983); *In re Stephenson,* 415 B.R. 436, 441n14 (Bkrtcy.D.Idaho 2009) and cases therein cited. While defendant Gerald Morris may avoid summary overruling of his objection to trustee Marc Del Piero's intent to abandon the estate's claims against him because he is also a creditor, his status as a creditor does not entitle him to shift the focus of the court when considering whether to approve abandonment.

The sole inquiry for the court is the best interests of the bankruptcy estate, which involves examining the factors leading the trustee to exercise his discretion in favor of abandonment. "When the trustee requests or does not oppose a motion to compel abandonment, the court must 'focus ... upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code.'" *In re Sullivan & Lodge,* 2003 WL 22037724*4 (N.D.Cal. 2003)(Breyer, J.).

1    In this case, the reasons attributed to Del Piero for desiring to abandon any claims the estate
2    may have against Morris are largely second hand; the court feels the need for direct input from him as
3    to his reasons for seeking to abandon the claims against Morris relating to allegations of wrongful
4    foreclosure.  The court accordingly requests that he file a declaration outlining his thinking a few days
5    before the continued hearing date of December 18 and participate in the hearing, either in person or by
6    counsel.  Participation may be by telephone.

8    Dated:  November 23, 2015

                                                              Alan Jaroslovsky
                                                              U.S. Bankruptcy Judge

2