February 16, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RODOLFO and MARIA ZAMORA,                           No. 10-53496

                 Debtor(s).
_____/

Memorandum on Motion to Abandonment
_____

       Debtors Rodolfo and Maria Zamora filed a Chapter 11 petition on April 5, 2010. The case was converted to Chapter 7 on October 10, 2011, and Marc Del Piero was appointed as the Chapter 7 trustee. The case was closed on September 12, 2014. The estate was very meager, with no money going to creditors and only enough funds to pay administrative creditors, including Del Piero and his attorneys, about half of their allowed fees.

       On June 24, 2015, the court granted the Zamoras' request that the case be reopened so that they could schedule a claim for wrongful foreclosure against creditors Gerald J. Morris, et al., and obtain its abandonment. Del Piero quickly determined that the action was not worth pursuing and agreed to abandonment. The abandonment was duly noticed pursuant to Rule 6007(a) of the Federal Rules of Bankruptcy Procedure, and Morris objected. In his objection, he offered to withdraw his claims and pay $15,000.00 to the bankruptcy estate.

       Del Piero explained to the court that he did not think the wrongful foreclosure claim had any value to the estate worth prosecuting. He noted that there would be legal issues over whether the

Case: 10-53496    Doc# 380    Filed: 02/16/16    Entered: 02/16/16 14:06:20    Page 1 of 3

claims being asserted arose before or after the bankruptcy filing, and that litigation between Morris and the Zamoras in bankruptcy court had been "ferocious," so that prosecution would be very difficult. He noted that the $15,000.00 offered by would not be any where near sufficient to return a dividend to creditors.

Defendants sued by debtors in state court generally have no standing to appear in bankruptcy court to contest a bankruptcy trustee's intent to abandon the estate's right to pursue those defendants. See *Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir.1983); *In re Stephenson,* 415 B.R. 436, 441n14 (Bkrtcy.D.Idaho 2009) and cases therein cited. Morris argues that he has standing to object to the abandonment because he is also a creditor, but there is no way his offer to pay $15,000.00 would result in a dividend on his claims. He is merely a defendant in state court proceeding seeking to buy his way out of the suit by an inconsequential payment to a bankruptcy trustee.

Abandonment is appropriate when the property is of inconsequential value and benefit to the estate or burdensome to the estate. *In re Johnson,* 49 F.3d 538, 540 (9th Cir.1994). An asset is generally considered to be of inconsequential value if its sale would generate nothing for unsecured creditors. *In re Pauline,* 119 B.R. 727, 728 (9th Cir. BAP 1990); *In re Moore,* 450 B.R. 849, 851 (Bkrtcy.N.D. Ind. 2011); *In re Bolden,* 327 B.R. 657, 668 (Bkrtcy. C.D.Cal. 2005).[1] The sole inquiry for the court is the best interests of the bankruptcy estate, which involves examining the factors leading the trustee to exercise his discretion in favor of abandonment. "When the trustee requests or does not oppose a motion to compel abandonment, the court must 'focus ... upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code.'" *In re Sullivan & Lodge,* 2003 WL 22037724*4 (N.D.Cal. 2003)(Breyer, J.).

The court finds Del Piero's reasons for agreeing to abandonment to be based on sound business

---

[1]Del Piero is to be commended for following the law and rejecting Morris' offer, which would have increased Del Piero's recovery of his already-approved fees but resulted in no unsecured dividend.

2

judgment made in good faith.  The claim for wrongful foreclosure is burdensome because it would embroil a bankruptcy estate without resources in ferocious litigation of dubious merit.  The offer made by Morris is of inconsequential value because it would result in no dividend to unsecured creditors.

    For the foregoing reasons, the court finds abandonment is proper.  It will enter an appropriate order.

Dated: February 16, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

3